

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2005

# Shultz v. Postmaster General

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4227

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Shultz v. Postmaster General" (2005). *2005 Decisions.* Paper 736.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/736

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-4227

———————

DELLA SHULTZ,

Appellant,

v.

JOHN E. POTTER, POSTMASTER GENERAL
OF THE UNITED STATES POSTAL SERVICE

———————

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 03-CV-00090)
United States Magistrate Judge: Keith A. Pesto

———————

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2005

(Filed:  August 4, 2005)

———————

Before: ALITO, VAN ANTWERPEN, and ALDISERT, <u>Circuit Judges</u>

———————

PER CURIAM:

Della Shultz sued her employer, the United States Postal Service, for disability discrimination and retaliation. The District Court granted summary judgment for the Postal Service on both counts. We review summary judgment grants de novo, viewing all facts in the light most favorable to, and drawing all justifiable inferences in favor of, the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-51 (1986). As we write solely for the parties, we need not relate the facts.

Shultz argues that the District Court erred when it denied her claim under § 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, which "forbids [federal] employers from discriminating against persons with disabilities in matters of hiring, placement, or advancement." Shiring v. Runyon, 90 F.3d 827, 830-31 (3d Cir. 1996). To make out a prima facie case of discrimination under the Rehabilitation Act, Schultz must first prove that she has a "disability," as that term is defined by the Act.[1] See Mengine v. Runyon, 114 F.3d 415, 418 (3d Cir. 1997).

Here, Shultz contends that she has a "disability" because she has a form of diabetes. According to the District Court, the "only major life activity that Shultz

---

[1] Plaintiffs can prove that they have a disability in three ways. "Disability means, with respect to an individual – (1) A physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) A record of such impairment; or (3) being regarded as having such an impairment." 29 C.F.R. § 1630.2(g). Shultz focuses on the first definition. She obliquely references the second, and does not mention the third in her appellate brief or her complaint. We therefore conclude that she is not advancing a "regarded as" claim.

2

testified was affected by her diabetes is eating." App. at 14a. But her condition has no significant effect on her diet: it merely requires her "to watch what she eats more carefully," have a snack if her blood sugar is low, and take insulin if it becomes too high. Id. Shultz has been hospitalized because of diabetes three times in fifteen years, and she claims that she "came close to passing out" while on the job just once, over five years ago. Id. at 33a.

"A person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently 'substantially limits' a major life activity." Sutton v. United Air Lines, Inc., 527 U.S. 471, 482-83 (1999).[2] In considered dictum, the Supreme Court has stated that it "is contrary to both the letter and the spirit" of the ADA (and therefore the Rehabilitation Act) to deem a "diabetic whose illness does not impair his or her daily activities . . . disabled simply because he or she has diabetes." Id. at 483-84. Since Shultz has not produced sufficient evidence to convince a reasonable jury that any of her major life activities is substantially impaired, we affirm.

Even if Shultz were disabled, her supervisor offered several reasonable alternative locations for testing her blood. See 29 C.F.R. 1630.9(d) (disabled employee will not be considered a qualified individual with a disability if she "rejects a reasonable

---

[2]Sutton involves the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq. "The Rehabilitation Act provides that the standards of the [ADA] are to be used in determining whether the Rehabilitation Act has been violated in the employment context." Branham v. Snow, 392 F.3d 896, 902 (7th Cir. 2004); 29 U.S.C. § 794(d).

3

accommodation"). It is uncontroverted that he offered use of his own office or the women's restroom, among other places, adding that he would "provide whatever she needed" to make the restroom suitable for testing purposes. App. at 198a. Shultz turned down these offers without a reasonable explanation, and therefore cannot be considered a "qualified individual with a disability." See Keever v. City of Middletown, 145 F.3d 809, 811-12 (6th Cir. 1998).

Shultz also argues that her employer retaliated against her for "enforcing her rights with the Equal Employment Opportunity Office." App. at 36a. The District Court properly limited Shultz's allegations to two paper suspensions, because these were the only incidents raised in her administrative complaint. See Spence v. Straw, 54 F.3d 196, 200-01 (3d Cir. 1995); Haithcock v. Frank, 958 F.2d 671, 676 (6th Cir. 1992). The first suspension was not retaliatory because it took place before she complained of disability discrimination, not after. And, as the District Court found, Shultz's second suspension was imposed because she was at fault in a motor vehicle accident and left the scene without following proper procedures. See App. at 9a-10a. Though Shultz produced evidence that other employees who committed similar transgressions were not given paper suspensions, none of them had a prior history of disciplinary actions. Id. at 21a. Without additional evidence, no reasonable jury could ignore the Postal Service's legitimate reasons for the suspension in favor of Shultz's unsupported allegations of retaliation.

For the foregoing reasons, the judgment of the District Court is affirmed.